**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01768-CMA-KMT

SUSAN MCPHERSON, and
BETHANY DETWILER, for and on Behalf of Themselves
   and Other Employees Similarly Situated,

      Plaintiffs,

v.

BACHUS & SCHANKER, LLC,
DARIN L. SCHANKER, and
J. KYLE BACHUS,

      Defendants.

---

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ALLEGATIONS
OF THE FIRST AMENDED AND COLLECTIVE ACTION COMPLAINT AND DENYING
IN PART DEFENDANTS' MOTION TO THE EXTENT THEY REQUEST A HEARING
IN CONNECTION WITH THIS MOTION**

---

This matter is before the Court on a Motion to Strike Allegations of the First Amended and Collective Action Complaint (With Request for Hearing) filed by Defendants Bachus & Schanker, LLC, Darin L. Schanker, and J. Kyle Bachus. (Doc. # 34). For the following reasons, Defendants' Motion is granted in part and denied in part.

## I.  BACKGROUND

This action arises from Defendants' alleged failures to pay sufficiently Plaintiffs Susan McPherson and Bethany Detwiler who were employed by Defendant law firm,

Bachus & Schanker, as a paralegal and a receptionist, respectively.  On July 26, 2010, Plaintiff McPherson filed a complaint asserting two claims of relief against Defendant Bachus & Schanker, LLC, for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b).  (Doc. # 1.)  On November 22, 2010, Plaintiff McPherson filed an Amended Complaint (Doc. # 8) adding Bethany Detwiler as a Plaintiff and Darin Schanker and J. Kyle Bachus as Defendants.  Although the claims did not change, the allegations were restated in an attempt to allege a broader pattern or practice of wage violations, and Plaintiffs now seek a collective action on behalf of themselves and other similarly-situated employees.  Plaintiffs alleged that they were understaffed and grossly overworked, oftentimes to the detriment of the firm's clients; that Defendants encouraged them to engage in practices that placed greater emphasis on extracting settlement funds than on serving their clients' interests; and that Defendants created a hostile and abusive work environment, which included uncontrolled anger directed at their employees, and discriminatory practices.

On December 8, 2010, Defendants filed a Motion to Immediately Seal First Amended and Collective Action Complaint and Related Pleadings on grounds that those pleadings "make[ ] numerous scandalous allegations about the Defendant law firm, and the individual Defendants, that are wholly immaterial to an FLSA overtime case," and that the "allegations paint the Defendants in a negative light, cast aspersion on their professional reputations as attorneys and members of the professional community, and will cause damage to their reputations and business."  (Doc. # 17, ¶ 4.)  Additionally,

Defendants assert that, "[b]ecause the allegations are completely collateral to the claims at issue in this case, and are stated in such an offensive manner, it appears obvious that their purpose is to cause public harm to the Defendants and their business rather than to set forth a FLSA claim for overtime violations." (*Id.*)  On December 9, 2010, Defendants' Motion to Seal was referred to United States Magistrate Judge Kathleen M. Tafoya, pursuant to 28 U.S.C. § 636(b)(1)(A). (Doc. # 20.)  On January 4, 2011, Magistrate Judge Tafoya granted Defendants' Motion and ordered that the First Amended and Collective Action Complaint (Doc. # 8) be placed and held under seal "unless or until a further order of this Court directs otherwise." (Doc. # 31 at 1.).

On January 7, 2011, for reasons similar to those articulated in the Motion to Seal the First Amended and Collective Action Complaint, Defendants filed an Unopposed Motion to Seal the Motion to Strike Allegations of the First Amended and Collective Action Complaint (Doc. # 33).[1]  On January 25, 2011, the Court granted the Motion to Seal (Doc. # 46).

## II.  DEFENDANTS' MOTION TO STRIKE

At the outset, the Court notes that Defendants have requested oral argument in connection with their Motion to Strike.  (Doc. # 34 at 15.)  Having reviewed the parties' papers and considered their arguments, the Court finds that oral argument is

---

[1] On January 18, 2011, pursuant to Court order, Defendants filed an Amended Unopposed Motion due to their failure to comply with the Local Rule's duty to confer with opposing counsel prior to filing the original Unopposed Motion.  (Doc. # 38.)  This Motion was also referred to Magistrate Judge Tafoya.  (Doc. # 45.)

unnecessary to assist the Court in resolving this matter. Accordingly, Defendants' request for oral argument is denied.

Pursuant to Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is not a mechanism for attacking a claim on the merits. *See, e.g.*, 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380. "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993). A motion to strike under Rule 12(f) is a severe remedy and, thus, is generally disfavored. *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). However, the decision to grant a motion to strike rests within the sound discretion of the district court. *See F.D.I.C. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992). "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy. Even where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike. Irrelevant allegations will be stricken as scandalous only if they degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court." *Sierra Club v. Tri-State Generation and Transmission Assoc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (internal citations omitted). "'Scandalous' includes allegations that cast a cruelly

derogatory light on a party or other person." *Glaser v. Jordan*, No. 09-cv-01758, 2010 WL 1268151, at *2 (D. Colo. Mar. 30, 2010) (unpublished).

In the instant case, as noted above, Plaintiffs have asserted two claims of relief, both of which are under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b). Accordingly, the Court finds that the relevant issues in this case are (1) whether Plaintiffs are employees covered by the FLSA; (2) whether Plaintiffs worked in excess of forty hours per week; (3) whether Defendants properly paid Plaintiffs for the time worked; and (4) if Defendants failed to pay properly Plaintiffs for the time worked, whether Defendants knew or showed reckless disregard for whether the failure to pay proper overtime was prohibited by the FLSA. Accordingly, the Court finds that Plaintiffs' allegations concerning assault or abuse of employees, gender discrimination, and questionable business practices are irrelevant and scandalous because they unnecessarily cast Defendants as abusive employers and supervisors and, therefore, those allegations must be stricken from the First Amended and Collective Action Complaint. (Doc. # 8.)

### III. CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1)  Defendants' Motion to Strike Allegations of the First Amended and Collective Action Complaint (With Request for Hearing) (Doc. # 34) is GRANTED IN PART to the extent it requests that certain allegations

be stricken and DENIED IN PART to the extent it requests oral argument in connection with this Motion;

(2) Plaintiffs' allegations concerning the following are stricken from the First Amended and Collective Action Complaint: physical abuse (Doc. # 8, ¶¶ 37-39), gender discrimination (*Id.*, ¶¶ 33-36), and questionable business practices (*Id.*, ¶¶ 23-28); and

(3) In light of this Order, Plaintiffs are directed to file a second amended complaint, which contains none of the stricken allegations, by no later than Friday, June 24. In the event that Plaintiffs believe they have actionable claims arising from any purported physical abuse, gender discrimination, or questionable business practices, then such claims shall be properly set forth and identified as claims in the second amended complaint and shall comply with *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). <u>The second amended complaint shall not be filed under seal</u>.

DATED:  June   10  , 2011

BY THE COURT:

*Christine M. Arguello* (signature)

CHRISTINE M. ARGUELLO
United States District Judge